# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

M.E.P.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
the Social Security Administration,

Defendant.

Case No. 24-2533-DDC

## <u>MEMORANDUM AND ORDER</u>

This case is pro se[2] plaintiff M.E.P.'s fourth bite at the apple. He seeks judicial review of

the Commissioner of Social Security's partially favorable decision. Plaintiff already has filed

three cases in our court—all seeking the same review he seeks here in this suit. In each case, the

court dismissed his Complaint, concluding it lacks subject matter jurisdiction because plaintiff

failed to exhaust administrative appeals, and the Tenth Circuit affirmed. *Parker v. Saul (Parker*

*I)*, No. 20-cv-2043-SAC (D. Kan. July 22, 2020), Doc. 21, *aff'd*, 845 F. App'x 786 (10th Cir.

2021); *Parker v. Kijakazi (Parker II)*, No. 22-cv-02133-HLT (D. Kan. Aug. 29, 2022), Doc. 15,

*aff'd*, No. 22-3171, 2023 WL 3300902 (10th Cir. May 8, 2023); *Parker v. Kijakzi*, No. 23-2473-

---

[1]    The court makes all of its Memoranda and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption this Order using only plaintiff's initials.

[2]    Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] them to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

JWL, 2023 WL 7221144 (D. Kan. Nov. 2, 2023), *aff'd*, No. 23-3237, 2024 WL 3688733 (10th Cir. Aug. 7, 2024).  In plaintiff's last lawsuit before this one, our court warned plaintiff that "any further attempts to file a case in this court seeking review of the onset date established in the partially favorable decision of the [administrative law judge] dated January 23, 2020 will be considered a frivolous matter[.]"  *Parker III*, 2023 WL 7221144, at *3.  Undeterred, plaintiff filed this case.

A series of unruled motions are pending in this case.  In the end, only one matters.  The court grants defendant's Motion to Dismiss (Doc. 6).  The court lacks subject matter jurisdiction and must dismiss this case.

"Section 405(g) of the [Social Security] Act gives federal district courts jurisdiction to review only 'final decision[s] of the Commissioner of Social Security made after a hearing.'"  *Parker I*, 845 F. App'x at 788 (quoting 42 U.S.C. § 405(g)).  "A decision is considered *final* only if the claimant has requested review by the Appeals Council."  *Parker II*, 2023 WL 3300902, at *1 (emphasis in original) (citing 20 C.F.R. § 416.1400(a)(4)).  "When a claimant fails to timely request review by the Appeals Council, the district court lacks jurisdiction."  *Id.* (first citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000); and then citing 20 C.F.R. § 416.1400(b)); *see also Sims*, 530 U.S. at 107 (explaining that if "a claimant fails to request review from the Council, . . . . such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies").

Here, plaintiff failed to request review by the Appeals Council.  *E.g.*, Doc. 6-1 at 3 (Levin Decl. ¶ 3(b)); Doc. 15 at 11; Doc. 10 at 5.[3]  The court thus lacks jurisdiction to hear his case.  *See*

---

[3]      Because this exhaustion issue is jurisdictional, the court properly may consider documents outside the Complaint.  *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (explaining that district courts may resolve factual attacks on subject matter jurisdiction considering matters outside the complaint).  Regardless, plaintiff's own filings concede that he didn't seek any

*Parker II*, 2023 WL 3300902, at *1.  As United States District Judge John W. Lungstrum

explained, it "is clear beyond question all Federal courts are without jurisdiction to review the

onset date of disability found in the partially favorable decision dated January 23, 2020." *Parker*

*III*, 2023 WL 7221144, at *3.  So, the court grants defendant's Motion to Dismiss (Doc. 6) and

dismisses plaintiff's Complaint without prejudice.[4]

The court denies plaintiff's other motions.  The court denies his Motion for Leave to

Amend Complaint (Doc. 16) because amendment is futile.  Plaintiff's proposed Amended

Complaint concedes that he failed to request the Appeals Council's review.  *See* Doc. 15 at 10;

*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow

amendment if it would be futile.").  Plaintiff's remaining motions fail to address the fundamental

issue with this case—the court lacks jurisdiction.  They are thus moot in light of the court's

dismissal of this case.

Finally, the court reiterates Judge Lungstrum's warning to plaintiff.  "[A]ny further

attempts to file a case in this court seeking review of the onset date established in the partially

favorable decision of the [administrative law judge] dated January 23, 2020 will be considered a

frivolous matter and any in forma pauperis motion will be denied." *Parker III*, 2023 WL

7221144, at *3.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to

Dismiss (Doc. 6) is granted.

---

"further administrative appeal" after receiving the partially adverse administrative law judge decision.
Doc. 10 at 5; Doc. 15 at 11.

[4]      "A longstanding line of cases from this circuit holds that where the district court dismisses an
action for lack of jurisdiction, . . . the dismissal must be without prejudice." *Brereton v. Bountiful City
Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

**IT IS FURTHER ORDERED THAT** plaintiff's pending motions—his Motion to Intervene (Doc. 5), Motion to Amend (Doc. 9), Motion for Leave to Amend Complaint (Doc. 16), Motion for Order (Doc. 20), and Motion to Attach Claim History (Doc. 21)—are denied.

**IT IS SO ORDERED.**

**Dated this 29th day of September 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
